UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-273-RJC
(1:09-CR-57-RJC-1)

| BRYAN KEITH NOEL, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | ORDER |
| v. | ) |  |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** comes before the Court on Petitioner's *pro se* amended petition, which the Clerk has docketed as a motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 6). For the reasons that follow, the Court finds that the motion is an unauthorized, successive petition, which must be dismissed for lack of jurisdiction.

### I. BACKGROUND

Petitioner was found guilty following a jury trial of: conspiracy to commit mail fraud; 14 counts of aiding and abetting mail fraud; conspiracy to commit money laundering; two counts of bank fraud; two counts of making false statements to a bank; aiding and abetting money laundering; and making a false oath in a bankruptcy proceeding. (1:09-cr-57, Doc. No. 116). The Court sentenced him to a total of 300 months' imprisonment followed by five years of supervised release. Id. The Fourth Circuit Court of Appeals affirmed, United States v. Noel, 502 Fed. Appx. 284 (4th Cir. 2012), and the United States Supreme Court denied certiorari on October 7, 2013, Noel v. United States, 134 S.Ct. 366 (2013).

1

On December 18, 2016, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 that was opened as a new civil case. (1:16-cv-406-RLV, Doc. No. 1). The Court dismissed the petition with prejudice as time-barred, <u>Noel v. United States</u>, 2017 WL 548985 (W.D.N.C. Feb. 8, 2017), and the Fourth Circuit dismissed Petitioner's appeal, <u>United States v. Noel</u>, 692 Fed. Appx. 128 (4th Cir. 2017).

Petitioner filed the instant *pro se* pleading that was docketed as a § 2255 motion to vacate on September 22, 2017. (Doc. No. 1). He subsequently filed a motion for leave to amend and proposed amended petition, (Doc. No. 2), motion for leave to supplement the amended petition, (Doc. No. 3), motion for leave to insert a new page in the amended petition, (Doc. No. 4), all of which he has moved to strike. (Doc. No. 5).

On January 2, 2018, Petitioner filed a corrected amended petition, (Doc. No. 6), in which he seeks relief pursuant to § 2255, or alternatively, Rule 33 of the Federal Rules of Criminal Procedure, or Rule 60(b)(2) and (3) and 60(d)(1) and (3) of the Federal Rules of Civil Procedure. He claims, *inter alia*, that he is actually innocent of his criminal convictions as demonstrated by newly discovered evidence.[1] Petitioner argues that his petition is timely pursuant to 28 U.S.C. §

---

[1] Petitioner's arguments are entitled, *verbatim*:

ARGUMENT ONE: THE GOVERNMENT HAS ONLY PRESENTED A PART OF THE EVIDENCE NECESSARY TO CONVICT PETITIONER OF BANKRUPTCY FRAUD WHILE KNOWINGLY NOT PRESENTING THE EXCULPATORY EVIDENCE PROVING THE 2007 MBW WAS IN FACT REGISTERED UNDER A LEASEBACK AGREEMENT AND REPORTED TO THE BANKRUPTCY COURT RESULTING IN A DUE PROCESS VIOLATION.

ARGUMENT TWO: THE FOURTH CIRCUIT'S RULING IN UNITED STATES V. CHAMBERLAIN, 16-4313 BRINGS ITS PRECEDENT IN LINE WITH THE SUPREME COURT'S RULING IN LUIS V. UNITED STATES, 136 S.CT. 1083 (2016) WHERE 'EQUAL PROTECTION UNDER THE LAW' REQUIRES VACATUR OF PETITIONER'S SENTENCE BECAUSE THE GOVERNMENT INTERFERED WITH HIS COUNSEL OF CHOICE AS MANDATED BY THE SIXTH AMENMENT.

ARGUMENT THREE: THE GOVERNMENT HAS VIOLATED DUE PROCESS OF

2255(h)(1)-(2) and (f)(2) and (4). Petitioner asks that the Court transfer this matter to the Fourth Circuit should it conclude that this is an unauthorized second or successive § 2255 motion to vacate. (Doc. No. 6 at 4). He seeks expedited resolution of his case. (Doc. No. 7).

**II.     LEGAL STANDARDS**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

---

LAW IDENTIFIED IN NAPUE V. ILLINOIS, 360 U.S. 264, 269 (1959) AND GIGLIO V. UNITED STATES 405 U.S. 150, 153 (1972) THROUGH THE KNOWING USE OF FALSE TESTIMONY OR FAILING TO CORREC FALSITY BEFORE THE JURY.

ARGUMENT FOUR: PETITIONER IS ACTUALLY INNOCENT OF MAIL AND BANK FRAUD AS DEMONSTRATED THROUGH THE INTRODUCTION OF NEWLY DISCOVERED EVIDENCE WHERE THE TESTIMONY PRESENTED AT TRIAL IS WHOLLY INACCURATE.

ARGUMENT FIVE: THE GOVERNMENT FAILED TO DISMISS THE INDICTMENT IN CRIMINAL MATTER (1:09-CR-57-01) UPON LEARNING OF FALSITY DELIVERED TO THE GRAND JURY PURSUANT TO ITS PERFUNCTORY DUTY IN ACCORD WITH UNITED STATES V. BASTURO, 497 F.2d 781 (1974).

(Doc. No. 6).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). The authorization requirement applies to the entire application, so the jurisdictional effect of § 2244(b)(3) extends to all claims in the application including those that would not be subject to the limits on successive applications if presented separately. Id. In the case of such "mixed petitions," in which both barred and non-barred claims are presented, the appropriate solution is to afford the prisoner the choice of "seeking authorization from the court of appeals for his second or successive claims, or of amending his petition to delete those claims so he can proceed with the claims that require no authorization." Id. (quoting Pennington v. Norris, 257 F.3d 857, 858 (8th Cir. 2001)).

Rule 60 of the Federal Rules of Civil Procedure addresses circumstances under which relief is sought from a civil judgment or order. Rule 60 is a civil rule and therefore "simply does not provide for relief from judgment in a criminal case." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); see United States v. Abney, 39 Fed. Appx. 12 (4th Cir. 2002) ("the Federal Rules of Civil Procedure do not provide a vehicle by which [criminal defendant] may challenge his criminal judgment").

Rule 60(b) permits a court to correct orders and provide relief from judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017).

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. Winestock, 340 F.3d at 206 (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion). "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Winestock, 340 F.3d at 207; see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition).

Rule 60(d)(3) provides that a court's power to set aside a judgment for "fraud on the court" is not limited by Rule 60(b). An allegation of fraud on the court as a basis for collaterally attacking a judgment under Rule 60(d) is "materially different from the fraud referred to in Rule 60(b)(3)."

5

Ward v. Maloney, 2008 WL 7346920 (M.D.N.C. Sept. 29, 2008), *aff'd*, 321 Fed. Appx. 250 (4th Cir. 2009). Fraud upon the court is "typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." Great Coastal Express v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., 675 F.2d 1349, 1355-56 (4th Cir. 1982). A party asserting a "fraud upon the court" must establish a material and deliberate fraud. Id. at 1353-56. Establishing a claim of fraud on the court requires more than showing fraud upon a party. Rather, it is "fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." Superior Seafoods, Inc. v. Tyson Foods, Inc., 620 F.3d 873, 878 (8th Cir. 2010) (quoting United States v. Smiley, 553 F.3d 1137, 1144 (8th Cir. 2009)).

Rule 33 of the Federal Rules of Criminal Procedure provides that a court may vacate any criminal judgment or grant a new trial on the defendant's motion if the interest of justice so requires. Fed. R. Crim. P. 33(a). A motion for new trial grounded on newly discovered evidence must be filed within three years after the verdict, and if grounded on any other reason, must be filed within 14 days after the verdict. Fed. R. Crim. P. 33(b).

**III.     DISCUSSION**

The instant amended petition is an unauthorized second or successive § 2255 petition over which the Court lacks jurisdiction. Petitioner has already filed a § 2255 motion to vacate which the Court dismissed with prejudice as time-barred, which is an adjudication on the merits. See Fed. R. Civ. P. 41(b). He now attacks the validity of his criminal conviction by alleging actual innocence based on newly discovered evidence of prosecutorial misconduct, new Fourth Circuit case law, and fraud in the criminal proceeding. Petitioner challenges the validity of the conviction and

6

sentence, rather than newly discovered evidence or fraud in a civil proceeding, and therefore the amended petition is construed as a successive § 2255 petition rather than a Rule 60 motion seeking relief from a civil judgment or order. Thus, Petitioner must first obtain an order from the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive § 2255 petition before filing this case. Accordingly, the amended petition seeking relief from the criminal judgment must be dismissed as an unauthorized, successive § 2255 petition, for lack of jurisdiction.

This dismissal is without prejudice for Petitioner to refile a Rule 33 motion in his criminal case, subject to all applicable timeliness and procedural requirements.[2]

The Court declines Petitioner's invitation to transfer this action to the Fourth Circuit because it does not find it to be in the interest of justice to do so. See 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action or appeal could have been brought….").

### III. CONCLUSION

For the reasons stated herein, the amended petition is dismissed as an unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's amended petition, (Doc. No. 6), is construed as an unauthorized,

---

[2] The Court does not give Petitioner the option of dismissing the barred claims and proceeding with his Rule 33 motion via the "mixed petition" procedure because the Rule 33 motion should have been filed in the underlying criminal case, not a separate civil action.

7

successive § 2255 petition and is **DISMISSED** for lack of jurisdiction.

2. All pending motions are **DENIED** as moot.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Cf. United States v. McRae, 793 F.3d 392, 398 (4th Cir. 2015) ("the COA requirement in § 2253(c) allows us to review, without first issuing a COA, an order dismissing a Rule 60(b) motion as an improper successive habeas petition.").

Signed: February 21, 2018

Robert J. Conrad, Jr.
United States District Judge