UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-273-RJC
(1:09-cr-57-RJC-1)

| | | |
|---|---|---|
| BRYAN KEITH NOEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motions that were filed after the Court dismissed his 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct sentence for lack of jurisdiction as an unauthorized second or successive petition: [1]

(1) Petitioner's "Combined Motion and Brief to Obtain Relief from a Judgment in a Habeas Proceeding Pursuant to the Federal Rules of Civil Procedure, Rule 60(b)" (Doc. No. 13);

(2) Petitioner's "Motion for Leave to Amend Pending Rule 60(b) Motion" (Doc. No. 14);

(3) Petitioner's "Motion to Conduct Discovery in Accord with Rule 6 Governing § 2255 Proceedings and Request to Expand the Record Pursuant to Rule 7 Governing § 2255 Proceedings with Request for Evidentiary Hearing" (Doc. No. 16); and

(4) Petitioner's Second "Motion for Leave to Amend Pending Rule 60(b) Motion," (Doc. No. 17), and "Amended Combined Motion and Brief to Obtain Relief from a Judgment

---

[1] Petitioner also filed these Motions in his first § 2255, case number 1:16-cv-406. In that case, the Court granted the Second Motion for Leave to Amend, denied the first Motion for Leave to Amend as moot, and denied the remaining requests for relief. See (1:16-cv-406, Doc. No. 54). The Court found the timeliness and actual innocence arguments to be "wholly without merit" and noted that the Fourth Circuit had dismissed Petitioner's appeal of the Order dismissing the § 2255 Motion to Vacate in the 2016 case as time-barred. (Doc. No. 54 at 2).

1

in a Habeas Proceeding Pursuant to the Federal Rules of Civil Procedure, Rule 60(b),"
(Doc. No. 17-1), and attached exhibits.

A jury found Petitioner guilty in the underlying criminal case and the Court sentenced him to 300 months' imprisonment. (1:09-cr-57, Doc. No. 116). The Fourth Circuit Court of Appeals affirmed and the United States Supreme Court denied certiorari. United States v. Noel, 502 Fed. Appx. 284 (4th Cir. 2012), *cert. denied* 134 S.Ct. 366 (2013).

Petitioner's initial § 2255 Motion to Vacate, case number 1:16-cv-406, was dismissed with prejudice as time-barred, Noel v. United States, 2017 WL 548985 (W.D.N.C. Feb. 8, 2017), and the Fourth Circuit dismissed Petitioner's appeal, United States v. Noel, 692 Fed. Appx. 128 (4th Cir. 2017).

The instant case is Petitioner's second § 2255 proceeding. (Doc. Nos. 1, 6). He raises a number of claims including actual innocence based on newly discovered evidence. The Court dismissed for lack of jurisdiction because Petitioner failed to obtain authorization from the Fourth Circuit pursuant to § 2255(h) before filing his second or successive § 2255 Motion to Vacate. (Doc. No. 9). Petitioner subsequently sought authorization from the Fourth Circuit to file a second or successive § 2255 petition which was denied on March 27, 2019. (Doc. No. 15).

In the pending Motions, Petitioner asks the Court to reopen these § 2255 proceedings, consider his § 2255 claims on the merits, grant him an evidentiary hearing, appoint counsel to assist him in recovering additional documentation and, alternatively, certify questions about his claims of newly discovered evidence of actual innocence to the Fourth Circuit.

The Court will grant Petitioner's Second Motion for Leave to Amend the Rule 60(b) Motion, will deny the initial Motion for Leave to Amend as moot.

With regards to Petitioner's Second Amended Motion, he fails to satisfy Rule 60(b) by demonstrating any basis for reopening these § 2255 proceedings or any other relief. The Court dismissed the § 2255 Motion to Vacate in the instant case for lack of jurisdiction, (Doc. No. 9), the Fourth Circuit has now denied such authorization, (Doc. No. 15),[2] and Petitioner has demonstrated no basis for disturbing the Court's prior ruling. Petitioner's alternative freestanding claim of actual innocence, assuming such is cognizable on § 2255 review,[3] falls far short of the standard for demonstrating newly discovered evidence of actual innocence. Petitioner's Motion for Discovery will be denied for the same reasons that the Court denied Petitioner's Second Motion for Leave to Amend.

**IT IS THEREFORE ORDERED** that:

---

[2] Any suggestion that Petitioner was not required to obtain authorization from the Fourth Circuit because his § 2255 Motion to Vacate in the instant case relies on new facts and thus was not truly "second or successive" is belied by the record. See generally United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014) (in the sentencing context, holding that where the facts relied on in a second Section 2255 motion did not exist at the time of the first Section 2255 motion, the second motion should not be considered successive). Plaintiff has failed to present any claims that were genuinely unripe and for which the factual predicate had not yet occurred at the time of his initial § 2255 proceedings, as opposed to claims for which he has some excuse for failing to raise in his initial § 2255 action. See generally Panetti v. Quarterman, 551 U.S. 930, 934-35 (2007) (capital petitioner's second-in-time habeas petition was not "second or successive" because the factual predicate for the claim – petitioner's mental incompetency – did not exist at the time of the first petition because petitioner was not yet incompetent); United States v. Buenrostro, 638 F.3d 720, 725 (9th Cir. 2011) (distinguishing between petitions containing claims, the factual predicate of which came into being after the first habeas petition such as petitioner's mental incompetency, from those containing claims that "*were ripe* at the conclusion of a first § 2255 proceeding but were *not discovered* until afterward" and are considered second or successive). Petitioner's claims fall squarely within the second category. He fails to identify any claim that were unripe at the time of his initial § 2255 proceedings and therefore authorization from the Fourth Circuit was required in order to file a second or successive § 2255 petition in the instant case. See, e.g., Self v. United States, 2015 WL 5330486 (W.D.N.C. Sept. 12, 2015) (§ 2255 petition challenging the armed career criminal designation because all but one of the prior convictions had been vacated subsequent to his sentencing and first § 2255 proceeding, did not require successiveness authorization).

[3] See McQuiggin v. Perkins, 569 U.S. 383 (2013) (noting that the Court has not resolved whether a prisoner may be entitled to relief based on a freestanding claim of actual innocence); Herrera v. Collins, 506 U.S. 390, 404-05 (1993) (habeas relief is only available when a substantive claim of innocence is tied to an independent constitutional violation). Compare Sclup v. Delo, 513 U.S. 298 (1995) (discussing the burden of proving actual innocence in the context of overcoming a procedural default).

1. Petitioner's "Combined Motion and Brief to Obtain Relief from a Judgment in a Habeas Proceeding Pursuant to the Federal Rules of Civil Procedure, Rule 60(b)," (Doc. No. 13), is **DENIED** as moot.

2. Petitioner's "Motion for Leave to Amend Pending Rule 60(b) Motion," (Doc. No. 14), is **DENIED** as moot.

3. Petitioner's "Motion to Conduct Discovery in Accord with Rule 6 Governing § 2255 Proceedings and Request to Expand the Record Pursuant to Rule 7 Governing § 2255 Proceedings with Request for Evidentiary Hearing" (Doc. No. 16), is **DENIED**.

4. Petitioner's Second "Motion for Leave to Amend Pending Rule 60(b) Motion," (Doc. No. 17) is **GRANTED**.

Signed: September 27, 2019

Robert J. Conrad, Jr.
United States District Judge